UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBRAHIMA KALIL SANO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| FACILITY ADMINISTRATOR, *in his or her official capacity as Facility Administrator of the Prairieland Detention Facility,* et al., | § | Civil Action No. 3:26-CV-2571-X |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Ibrahima Kalil Sano's (Sano) Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction to Enforce the Existing Immigration Judge Stay Pending Adjudication of the Petition for Writ of Habeas Corpus (TRO request). (Doc. 3). For the reasons stated below, the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[1] To warrant this extraordinary relief, the movant must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted;

[1] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

and (4) that the grant of an injunction will not disserve the public interest.[2]

Sano requests this Court "enter a temporary restraining order and preliminary injunction requiring Respondents to comply with the Immigration Judge's July 28, 2026 stay and prohibiting Respondents from removing Petitioner from the United States, or transporting, transferring, or boarding him for the purpose of effectuating removal, while that stay remains effective," among other requested relief.[3]

The Court is dubious that this request is proper before an Article III court. Sano purportedly seeks "a narrow request," asking the Court to enforce an existing stay of removal entered by the Seattle Immigration Court and enjoin Respondents from effectuating his removal accordingly.[4] Sano emphasizes that "[t]he Seattle Immigration Court has already decided the interim question . . . staying Petitioner Ibrahima Kalil Sano's removal."[5]

But asking this Court to tell one part of the Executive Branch to comply with a stay entered by another part of the Executive Branch asks this Court to intervene into "a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."[6] Federal district courts generally lack jurisdiction to review or stay removal orders,[7] and simply characterizing the

---

[2] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[3] Doc. 3 at 15.

[4] Doc. 4 at 2.

[5] *Id.* at 1–2.

[6] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *2 (5th Cir. Jan. 13, 2026) (citing 8 U.S.C. § 1252(g)).

[7] *See id.* ("A request for stay of removal is a challenge to a removal order.").

requested injunction as enforcement of an existing administrative stay does not avoid this jurisdictional limitation.

The Court also has unresolved concerns regarding jurisdiction, standing, and ripeness. These threshold issues have not been briefed, yet each bears directly on the Court's authority to issue the requested injunction and all undermine Sano's likelihood of success on the merits. Accordingly, the Court finds that there is no likelihood of success on the merits and, in its discretion, declines to grant the extraordinary remedy of a TRO.

The Court **DENIES** Sano's TRO request. His habeas petition remains pending on an expedited basis.

**IT IS SO ORDERED** this 4th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE